1  Alan A. Cooke
2  Terri L. Omholt
3  Gage T. Cooke
   PO Box 420035
4  San Francisco, CA 94142
   Tel: (415) 845-5333
5
6  PRO SE

FILED
08 JAN -2 PM 2:02
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Estate of ZACHARY CRUZ COOKE, ALAN ANTHONY COOKE, TERRI LYNN OMHOLT, and GAGE TYLER COOKE<br><br>Plaintiffs,<br><br>v.<br><br>CHIEF MURL HARPUM, OFFICER TERENCE LILES, OFFICER WATSON, DET. KIRKPATRICK, ATF AGENT MEDLIN, ATF SUPERVISOR ANGLIN, THE CITY OF EUREKA, THE EUREKA POLICE DEPARTMENT, THE COUNTY OF HUMBOLDT, THE DISTRICT ATTORNEY OF HUMBOLDT COUNTY, PAUL GALLEGOS, THE HUMBOLDT COUNTY SHERIFFS OFFICE, DA INV. JIM DAWSON, AND VARIOUS DOE DEFENDANTS, 1-X inclusive,<br><br>Defendants. | Case No. 08-0016 EMC<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS<br><br>JURY TRIAL DEMANDED |

1

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

COMES NOW, plaintiffs ALAN COOKE, for himself and as Executor of the Estate of Zachary Cruz Cooke, which is in formation, TERRI LYN OMHOLT, and GAGE TYLER COOKE, who is a minor, who allege as follows:

## I. INTRODUCTION

1.  Zachary Cruz Cooke, age 18 for 11 days, was being sought by police in Eureka, California, as alleged suspect in a robbery who was believed by police to have shot at one of their members. Employees of the Eureka Police Department, Humboldt County Sheriffs Office, agents of the Bureau of Alcohol, Tobacco, and Firearms, then formed a conspiracy to murder Zachary Cooke as retaliation for his alleged shooting at one of their members.

2.  On January 4th, 2007, at an abandoned house in Eureka, Zachary Cooke and a MINOR companion, 16 year old Jarred Aubrey, were hiding from police, in fear for their lives. At approx. 10:00 AM at least 4 police employees from the EPD, HCSO, ATF, , having received a tip that Zachary was in the building, surreptitiously entered the building without any announcement of their presence, wearing plain clothes, and then ambushed Zachary who was lying on a pallet in a room on the second floor. Making no attempt to arrest or communicate with the boys, the defendants forced the door open, fired in "flash-bang" device that stunned the boys; Terry Liles, of EPD, then shot Zachary 11 times at close range, killing him, while two others, Kirkpatrick and Medlin, began shooting indiscriminately through the wall, firing approx 40 rounds, without provocation. The boys were lying down, attempting to sleep. Liles had previously murdered another youngster, 16 year old Chris Burgess, in 2006, in Eureka.

3.  The defendants then abused Jarred Aubrey, threatened to kill him, and issued false reports to the press at to what had occurred, kept Zachary's body, handcuffed, in the room for 10-12 hours while preparing false reports and falsifying evidence, claiming that Zachary had fired a 12 gauge shot-gun at them at point blank range to justify their murder. County DA Paul Gallegos was also at the murder scene, assisting the defendants in falsifying evidence and preparing a cover-up story.

4.  Plaintiffs seek compensatory and punitive damages against the above-named defendants, and other DOE officials and policymakers yet to be identified, for violations of their Federal and California civil rights. These violations arise out of the shooting death of Zachary Cooke on January 4th, 2007, caused by these defendants, when they wrongfully and without a search warrant or any lawful justification, entered the building and shot Zachary to death, then falsified reports and evidence to cover-up their crimes, also falsifying statements by the sole witness, MINOR Jarred Aubrey.

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

5.  The Estate of Zachary Cooke brings a claim for the violation of his constitutional and civil rights, his pain and suffering prior to his death, loss of life and for other compensatory and punitive damages through his Estate. Zachary Cooke's biological father, Alan Cooke, his Mother, Terri Omholt, for the mental distress, and his biological brother, Gage Cooke, bring wrongful death claims for loss of love, comfort, and companionship, for the mental distress over the loss of his young life, and for other compensatory as well as punitive damages.

## II. JURISDICTION AND VENUE

6.  Plaintiffs have suffered an injury that is traceable to the actions of the defendants, and the action is a case or controversy over which this Court has jurisdiction under Article III of the United States Constitution.

7.  This case is brought pursuant to 42 U.S.C. Sec. 1983 with pendent state law claims. Jurisdiction is based upon 28 U.S.C. Sec. 1331 and Sec. 1343. This court has pendent jurisdiction over state law claims under 28 U.S.C. Sec. 1367.

8.  Venue is proper in this court under 28 U.S.C. Sec.1391(b) because the defendants reside in the Northern District of California, and the acts complained of occurred in this district.

9.  Plaintiffs filed a timely Cal. Gov't Code Sec. 910 with the City of Eureka and Humboldt County, which was denied. The City and County notified the plaintiffs of their denial, making this lawsuit timely and necessary.

## III. PARTIES

10. Zachary Cruz Cooke was, at all relevant times mentioned here, a resident of Eureka, California. He died as a result of the unlawful actions of the above-named defendants who acted in violation of Federal and State law. The Estate of Zachary Cooke brings this action for violation of his constitutional and civil rights seeking compensatory and punitive damages. Plaintiffs Alan Cooke, Gage Cooke, and Terri Omholt , bring this action for wrongful death and for violation of their constitutionally protected liberty interests in their relationship with Zachary, their son and brother, seeking compensatory and punitive damages.

11. Plaintiffs are the surviving heirs of decedent Zachary Cooke. They bring their state law claims for relief pursuant to California Code of Civil Procedure sections 377.10 and 377.11, and Probate Code sections 6401 and 6402.

12. Defendant Murl Harpum was at all relevant times herein Chief of Eureka Police (EPD), and he, along with other officials of Eureka, the EPD, the Sheriffs Office, the County Sheriff, and DOES, possessed the power and the authority and were charged by law with the responsibility

-3-
COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

to enact policies and to prescribe rules and practices concerning the operation of the EPD, the Sheriffs Department, and via ATF supervisor Anglin, over ATF agents, and/or were supervisors of the defendant-officers

13.  Defendants Terry Liles, Kirkpatrick, Watson, and ATF agent Medlin, were at the time of committing the acts alleged hereinafter, duly authorized employees of the defendant City and County, who were acting within the course and scope of their respective duties and with the complete authority and ratification of the defendant entities. At all relevant times herein, these defendants, and each of them, were acting under color of law and pursuant to the statutes, ordinances, regulations, policies, customs, and practices of the state of California, and the city of Eureka, the EPD, the County of Humboldt, the HCSO, and the ATF.

14.  Does 1 through x, inclusive, are EPD officers and supervisors, or other EPD officials or policymakers, HCSO officers or policymakers, who were involved in causing the deprivations and injuries suffered by plaintiffs, whose identities are unknown at the present time. All references within to "defendants", collective, shall include these DOE defendants. Plaintiffs will move to substitute their true names after they become known.

15.  Defendants, City of Eureka and Humboldt County, are at all relevant time, duly organized municipalities existing under the laws of the state of California. The Eureka Police Department is an official subdivision of the Defendant City, as it the HCSO to the County, and all officers employed by said entities are employees of the defendant entities. All of the acts complained of herein by plaintiffs against defendants were done and performed by said defendants by and through its authorized agents, servants, and/or employees, and each of them, all of whom, at all relevant times herein, were acting within the course, purpose and scope of the defendant agencies. Moreover, defendants and its agents ratified all of the acts complained of herein.

16.  At all relevant times herein the defendants were employed by the Eureka Police Department, the Sheriffs Office, and ATF, were acting under the color of law and in the course and scope of their official duties as police officers, and in such capacity, as agents of the defendant entities, agencies, and departments.

17.  Defendant Gallegos is an elected official who has the duty to enforce state and federal laws within the county, and to investigate and prosecute police misconduct, and not to aid, abet, or assist police in the commission of misconduct or criminal acts against citizens. Zachary Cooke died as a direct and proximate result of the actions of these defendants.

### IV. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

---

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

18. Zachary Cooke, 18, was being pursued by law enforcement in Eureka, California, because they believed he had fired a gun at a Sheriff's deputy in December of 2006. Because police believed Zachary Cooke had fired a pistol at one of their members, they formed a conspiracy to murder Zachary Cooke, in retaliation for his perceived act. They determined not to attempt to arrest him but to murder him, then cover-up there crimes with falsified evidence and reports.

19. On January 4th, 2007, Zachary Cooke was hiding in a vacant house with a 16 year old minor, Jarred Aubrey, in fear for his life from local EPD, Sheriffs, and ATF agents. Acting on an apparent tip, police learned that Zachary was on the upper floor of the vacant house, located on Albee Street in Eureka.

20. At approx. 10.11 AM at least four plain clothes officers surreptiously entered the house via a rear door, did not announce their presence or intent to arrest anyone in the house, entered without a search warrant or permission from the owner. The boys were lying down in a small room on the second floor, going to sleep. They were not armed with a working fire are, but may have had a 12 gauge shot gun with no ammunition, and were unaware of the presence of the officers.

21. These four, Terry Liles of EPD, Watson of EPD, Kirkpatrick of HCSO, and Medlin of the ATF, partially climbed a disassembled stairway, pushed the door open, fired in a "flash-bang" device that stunned the prone boys, then Liles shot Zachary Cooke at point-blank range 11 times, reloading one to fire again. The others on the ground floor began shooting through the wall into the upper room. Zachary was killed instantly, being shot in the legs, back, chest, ant buttocks.

22. Liles then put handcuffs on the dead body of Zachary.

23. Zachary's body was kept in the room for approx. 12 hours while the defendants fabricated a cover-story and planted evidence. They also assaulted Jarred Aubrey, threatened him with death, and held him without notification of his parents for approx. 10 hours.

24. The defendants issued false press reports claiming that they shot Zachary because he had shot at them first, at point-blank range, with a 12 gauge shot gun. There is no evidence of this, as the physical evidence of photographs of the room show.

25. The autopsy report proves that Zachary was laying down when he was murdered by Liles, who, a few months before murdering Zachary, murdered a 16 year old boy, Chris Burgess, under similar circumstances, i.e. a small, frightened, unarmed boy, shot to death by Liles.

---

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

26. The District Attorney, Gallegos, who was also at the scene, has refused to release any of the evidence alleged to support the police version; the autopsy report contradicts Liles and Gallegos statements; Gallegos refuses to release the results of a gun powder residue test done on Zachary, which proves he did not shoot a gun at police, as does the witness testimony of Jarred Aubrey, the only witness not in law enforcement.

27. Zachary was given no opportunity to surrender but was ambushed by four large adults who were intent on murdering him; Zachary was in plain view; Liles recognized him and deliberately murdered him, with the assistance of the other defendants, including Gallegos, before and after the fact.

28. Zachary Cooke suffered fear and terror prior to his murder, knowing the pattern and practice of EPD and the HCSO of using excessive and deadly force against women and children, with the active protection of Gallegos.

29. As a proximate cause of the foregoing, decedent Zachary Cooke suffered intense physical and emotional pain, anguish, distress and despair before his death, loss of his young life and deprivation of his rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

## 5. CAUSES OF ACTION

### ONE: Unreasonable Seizure and Deprivation of Life
### Violations of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. Sec. 1983; Art. 1 Sec. 13 of the California Constitution Cal. Gov't Code Sec. 815.2 and 815.6;
### Against all Defendants

30. Based on the conduct alleged above, Defendants, and each of them, are liable for the death of Zachary Cooke to the plaintiffs, as heirs and successors in interest of the decedent, by violating Zachary Cooke's right against unreasonable seizure under the Fourth Amendment to the U.S. Constitution, and Article 1, Sec. 13 of the California Constitution. Zachary Cooke was murdered shot to death by Liles without any lawful justification; the defendants are liable for the use of wrongful force in shooting Zachary to death. Zachary was deprived of his life and denied equal protection, privileges and immunities. As a direct and proximate cause of the aforementioned acts and omissions of the defendants, Zachary was murdered, as described above.

### TWO: Municipal Liability
### Violation of Constitutional Rights due to a Policy or Practice

---

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

### Pursuant to *Monell* and 42 U.S.C. Sec. 1983
### Against Eureka Police Department, Humboldt County Sheriffs Department, and various DOE policymakers

31. Based on the conduct of the defendants Chief Harpum and the County Sheriff, and the District Attorney, Gallegos, the Eureka Police Department, and other DOE officials and policymakers, each of them are liable to plaintiffs because they maintained a policy, procedure, custom and practice of ignoring, aiding and abetting, or a custom of indulging the excessive use of force and deadly force by police officers against women and children. As a direct and proximate cause of the aforementioned acts and omissions of the defendants, Zachary Cooke was murdered without any justification by Liles, as described above.

### THREE: Wrongful Death:
### California Code of Civil Procedure Sec. 377.60 and Gov't Code Sec. 815.2, 815.6
### Against all Defendants

32. Based on the conduct alleged above, defendants, and each of them, are liable to the Plaintiffs for causing the wrongful death of Zachary Cooke by Liles shooting and killing him in violation of state and federal laws without any justification, motivated by a depraved and reckless disregard for human life and an evil intent to murder a child. As a direct cause of the aforementioned acts, the defendants are liable to the plaintiffs.

33. The complained of acts give rise to a cause of action separate form Gov't Code Sec. 815.2, therefore the defendant entities City of Eureka and Humboldt County are also liable to plaintiffs. Eureka and the EPD, and the County and HCSO are further liable to plaintiffs because they are under a mandatory statutory duty to protect against the risk of the type of injury suffered by plaintiff. Defendant entities are therefore the proximate cause of plaintiff's injuries failing to properly discharge their duties to reasonably screen, train, and supervise its employees with reasonable diligence and care to prevent violating the rights of citizens.

### FOUR: Violation of California Civil Rights *Bane Act*, California
### Civil Code Sec.'s 52.1 and 52;
### Against all Defendants

34. Based on the conduct alleged above, defendants, and each of them, are liable to the Estate of Zachary Cooke, which brings a claim against these defendants for violation of his California civil rights as enshrined in the *Bane Act*, Cal. Civil Code Sec. 52.1, in that they interfered by threats, intimidation, and coercion with the decedent's rights to be free from unreasonable seizure and wrongful death pursuant to the United States Constitution, the California Constitution and California Code of Civil Procedure Sec. 377.60, and California common law. As a direct result of defendant's violations of decedent's civil rights under the

*Bane Act*, decedent was killed. Pursuant to Cal. Civil Code Sec. 52, his estate is entitled to an award up to three times their actual damages, to exemplary damages, in an amount to be determined by the jury; to a civil penalty of $25,000, for each violation of his rights; and to attorneys' fees to be determined by the court.

### FIVE: Negligence:
### Cal. Common Law, Code of Civil Procedure Sec. 377.60 and Gov't Code Sec.'s 815.2, 815.6
### Against all Defendants

35. Based on the conduct alleged above, defendants, and each of them, breached their duties to the decedent to exercise reasonable care in the performance of their official duties. N These defendants breached their duties by forming and carrying out premeditated murder of a child in violation of federal and state law, which directly caused the death of Zachary Cooke by Terry Liles.

36. In addition, the City of Eureka and the EPD are each liable to plaintiffs under Gov't Code Sec.'s 815.2 and 815.6 for negligently training and supervising their employees, and failure to provide psychological screening and testing.

## 6. DAMAGES AND REMEDIES

37. As an actual and proximate result of the wrongs complained of, the decedent and plaintiffs have suffered and are therefore entitled to general and specific compensatory damages in an amount to be determined by the trier of fact.

38. In addition, the individual defendants (including DOE defendants) are liable to the plaintiffs for punitive (exemplary) damages for their conduct, in amounts to be determined by the trier of fact.

## VII. JURY TRIAL DEMANDED

39. Plaintiffs demand a trial by jury as to each and every count against each and every defendant.

## VIII. PRAYER FOR RELIEF

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

40. **WHEREFORE,** plaintiffs pray for relief as follows:

   a. for general and special compensatory damages, in amounts to be determined by the trier of fact;

   b. for punitive (exemplary) damages against the individual defendants, in amounts to be determined by the trier of fact;

   c. for three times the actual damages awarded, and a civil penalty of $25,000 for each violation which occurred, pursuant to Cal. Civil Code Sec.'s 52.1 and 52(a),(b);

   d. for reasonable attorney's fees and costs and expenses of litigation, pursuant to 42 U.S.C.Sec. 1988, Cal. Code of Civil Procedure Sec.1021.5 and Cal. Civil Code Sec. 52(b)(3); and

   e. for such other relief as the Court deems just and proper.

Respectfully Submitted,

ALAN ANTHONY COOKE
TERRI LYNN OMHOLT
GAGE TYLER COOKE

PRO SE

DATED: December 28, 2007

By: _____
ALAN ANTHONY COOKE

PRO SE

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS

9