**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ALAN A. COOKE, *et al.*, | No.  C 08-00016 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 2] |
| CHIEF MURL HARPUM, *et al.* | |
| Defendants. | |

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff's Motion to Proceed *In Forma Pauperis* and his Application to Proceed *In Forma Pauperis* (the "Application") [Docket No. 2].  For the reasons discussed below, the Court DENIES Alan A. Cook's Application without prejudice, and orders as follows:

(1)    Alan Cooke has 20 days from the date of this Order to resubmit the Application without any changes;

(2)    the Estate of Zachary Cooke has 20 days from the date of this Order to appear by attorney and, if necessary, file an Application to Proceed *In Forma Pauperis*;

(3)    Terri Lynn Omholt has 20 days from the date of this Order to file an Application to Proceed *In Forma Pauperis*; and,

(4)    Gage Tyler Cooke has 20 days from the date of this Order to file proof of majority with the Court or appear through a next friend or *guardian ad litem*, and to file an Application to Proceed *In Forma Pauperis*.

In the alternative, if the requisite filing fee is paid within 20 days from the date of this Order, no plaintiffs need file an Application to Proceed *In Forma Pauperis*.  **Any plaintiff, however, who fails to comply with this Order, within 20 days from the date of this Order, will have their claims dismissed without prejudice.**

///

///

1

**BACKGROUND**

2      Alan Cooke is the biological father of Zachary Cooke, deceased, and the executor of Zachary

3   Cooke's estate, while Terri Omholt is the decedent's mother,[1] and Gage Cooke is the decedent's

4   minor brother.  Docket No. 1 ¶ 5 (Compl.).  On January 2, 2008, Alan Cooke filed a *pro se*

5   complaint allegedly on behalf of himself, his son's estate, Terri Omholt, and Gage Cooke, though

6   only Alan Cooke signed it, and only on his own behalf.  *See id.* at 1, 9.  As defendants, Alan Cooke

7   named Chief Murl Harpum, Officer Terence Liles, Officer Watson, Det. Kirkpatrick, ATF Agent

8   Medlin, ATF Supervisor Anglin, The City of Eureka, The Eureka Police Department, The County of

9   Humboldt, The District Attorney of Humboldt County, Paul Gallegos, The Humboldt County

10  Sheriffs Office, DA INV. Jim Dawson.  *See id.* at 1.  Alan Cooke also filed the Application, on

11  January 2, 2008.

12      In the Complaint, Alan Cooke alleged defendants wrongfully and without a search warrant or

13  any lawful jurisdiction, entered a building where his son was residing, shot him to death, then

14  falsified reports and evidence to cover up their crimes.  He also claimed his son was being sought by

15  law enforcement officials in Eureka, as an alleged suspect in a robbery, and was believed by police

16  to have shot at one of their members.  He also claimed law enforcement officials conspired to

17  murder his son in retaliation for his son allegedly shooting at one of their members.

18

**LEGAL STANDARD**

19  **I.     Demonstrating *In Forma Pauperis* Status**

20      The benefit of proceeding *in forma pauperis* is a privilege, not a right.  *Franklin v. Murphy*,

21  745 F.2d 1221, 1231 (9th Cir. 1984).  As 28 U.S.C. § 1915(a)(1) states, in part:

22      Any court of the United States may authorize the commencement, prosecution or

23      defense of any suit, action or proceeding, civil or criminal, or appeal therein, without

24      prepayment of fees or security therefor, by a person who submits an affidavit that

25  ///

26  ///

27

28
---
[1]     Alan Cooke did not describe her as decedent's "biological" mother.  Compl. ¶ 5.

2

1    includes a statement of all assets such person possesses that the person is unable to

2    pay such fees or give security therefor.

3  28 U.S.C. § 1915(a)(1).

4    A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v.*

5  *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th

6  Cir. 1960), *cert. denied*, 364 U.S. 896 (1960).  An affidavit is sufficient if it states a person cannot

7  pay or provide security for court costs and still provide himself or herself and any dependents with

8  the necessities of life.  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins*, 335

9  U.S. at 339).  The facts concerning the applicant's poverty must be stated with some "particularity,

10  definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  The

11  Court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their

12  request to proceed in forma pauperis where they are unable or unwilling to verify their poverty.  *Id.*

13  If a court determines a plaintiff's allegation of poverty is untrue, it shall dismiss their case.  28

14  U.S.C. § 1915(e)(2).

15  **II.    Claims Review under 28 U.S.C. § 1915**

16    Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma*

17  *pauperis* "at any time" if it determines:  (1) the allegation of poverty is untrue; (2) the action is

18  frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief

19  from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  *Pro se* pleadings

20  must be liberally construed.  *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

21  When reviewing a complaint, however, a court does not accept as true unreasonable inferences or

22  conclusory legal allegations cast in the form of factual allegations.  *See W. Mining Council v. Watt*,

23  643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir.

24  2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to

25  dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir.

26  2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations

27  without more are insufficient to defeat a motion to dismiss for failure to state a claim").  Leave to

28  amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*,

3

1   957 F.2d 655, 659 (9th Cir. 1992).   But if a plaintiff's complaint is found deficient and an

2   amendment could possibly cure the deficiency, the complaint must be dismissed with leave to

3   amend.  *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

4   **ANALYSIS**

5   **I.      The Application**

6         The Court has reviewed Alan Cooke's Application and finds it sufficient.  At face value, it

7   demonstrates he is unable to pay the requisite fees and costs.  In it, he alleges he is unemployed,

8   receives Veteran's benefits in the amount of $910 per month, and has monthly expenses of  $900.

9   Further, he has an outstanding balance of over $9,000 on various credit cards.  Assuming the

10   Application as true, he is unable to pay the Court's filing fee and provide himself with the

11   necessities of life.

12   **II.     The Claims**

13         Alan Cooke alleged the following claims:

14         (1)      unreasonable seizure and deprivation of life violations under the Fourth and

15   Fourteenth Amendments to the United States Constitution against all defendants;

16         (2)      municipal liability violation of constitutional rights due to a policy and practice

17   pursuant to *Monell* and 42 U.S.C. § 1983, against the Eureka Police Department, the Humboldt

18   County Sheriffs Department, and various Doe policymakers;

19         (3)      wrongful death against all defendants;

20         (4)      violation of the California Civil Rights Bane Act, against all defendants; and

21         (5)      negligence against all defendants.

22         The claims do not appear frivolous or malicious.  While some of them may not survive a

23   motion to dismiss due to immunities or other issues, some claims probably will.  Whether they will

24   survive a motion for summary judgment remains to be seen.  Thus, at this time, it appears Alan

25   Cooke has stated a claim for relief against one or more defendants.  Thus, the Court would allow

26   him to pursue his action, were it not for the procedural problems noted in part III, *infra*.

27   ///

28   ///

4

1   **III.    Status and Capacity to Sue**

2        The Court notes there are three plaintiffs besides Alan Cooke, who have not yet submitted

3   applications to proceed *in forma pauperis*, the estate, Terri Omholt, and Gage Cooke.  As only one

4   filing fee need be paid per case, and not per plaintiff, either one filing fee must be paid, or each

5   plaintiff must qualify as *in forma pauperis*.  In addition, Alan Cooke seeks to appear as an executor,

6   which he cannot do, unless he is an attorney, which he apparently is not.  *See* Fed. R. Civ. P. 17(b);

7   *Hansen v. Hansen*, 114 Cal.App.4th 618, 621 (2003); *City of Downey v. Johnson*, 263 Cal.App.2d

8   775., 779 (1968).  In addition, Gage Cooke is identified as a minor, Compl. at 2:2-3, but has no next

9   friend or *guardian ad litem* to manage suit on his behalf.  *See* Fed. R. Civ. P. 17(c).  Even with a

10  next friend or guardian ad litem, however, he may only appear through an attorney, of which he

11  apparently has none.  *See* Fed. R. Civ. P. 17(b); *Mossanen v. Monfared*, 77 Cal.App.4th 1402, 1409,

12  92 Cal.Rptr.2d 459 (2000); *J.W. v. Super. Ct.*, 17 Cal.App.4th 958, 968-69, 22 Cal.Rptr.2d 527

13  (1993).

14                                     **CONCLUSION**

15       For the foregoing reasons, the Court DENIES Alan Cook's Application without prejudice,

16  and orders as follows:

17       (1)    Alan Cooke has 20 days from the date of this Order to resubmit the Application

18  without any changes;

19       (2)    the Estate of Zachary Cooke has 20 days from the date of this Order to appear by

20  attorney and, if necessary, file an Application to Proceed *In Forma Pauperis*;

21       (3)    Terri Lynn Omholt has 20 days from the date of this Order to file an Application to

22  Proceed *In Forma Pauperis*; and,

23       (4)    Gage Tyler Cooke has 20 days from the date of this Order to file proof of majority

24  with the Court or appear through a next friend or *guardian ad litem*, and to file an Application to

25  Proceed *In Forma Pauperis*.

26       In the alternative, if the requisite filing fee is paid within 20 days from the date of this Order,

27  no plaintiffs need file an Application to Proceed *In Forma Pauperis*.  **Any plaintiff, however, who**

28  ///

                                           5

1  **fails to comply with this Order, within 20 days from the date of this Order, will have their**

2  **claims dismissed without prejudice.**

3      IT IS SO ORDERED.

4

    April 22, 2008                          _Saundra B Armstrong_____

5                                           Saundra Brown Armstrong
                                            United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1

2  UNITED STATES DISTRICT COURT

3  FOR THE

4  NORTHERN DISTRICT OF CALIFORNIA

5

6

7  COOKE et al,                                        Case Number: CV08-00016 SBA

8          Plaintiff,                          **CERTIFICATE OF SERVICE**

9    v.

10 HARPUM et al,

11         Defendant.
                                              /

12

13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

14
   That on April 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
15 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
16 in the Clerk's office.

17

18

19 Alan A. Cooke
   c/o Kim Starr
20 P.O. Box 5692
   Eureka,  CA 95502

21

22 Dated: April 23, 2008
                                         Richard W. Wieking, Clerk
23                                       By: LISA R CLARK, Deputy Clerk

24

25

26

27

28

7